OPINION
{¶ 1} Patricia Burns appeals from her conviction in the Dayton Municipal Court of assault, trespass, and aggravated menacing after a bench trial. Burns contends her convictions were against the manifest weight of the evidence.
 {¶ 2} Janet Norrington, the complainant, testified that Burns came to her apartment on May 6, 2002 in an angry mood and forced her way into her apartment and threatened "to kick her ass." Ms. Norrington said Ms. Burns was upset because she thought Ms. Norrington was spreading false rumors about her and caused her to receive an eviction notice from the apartment management. Ms. Norrington said Ms. Burns knocked her against the apartment wall and pulled the telephone plug out of the wall so she couldn't call the police. Ms. Norrington said she had a prior disagreement with Ms. Burns and had told her she was not welcome in her apartment. (Tr. 7). Ms. Norrington identified two photographs which were taken at the police department which depicted bruises she received as a result of her altercation with Ms. Brown.
 {¶ 3} Ms. Norrington's neighbor, Tommy Ridenour, testified he heard the commotion in Ms. Norrington's apartment and went to see if he could be of assistance. Ridenour said he heard Ms. Burns threaten "to beat Ms. Norrington's ass." (Tr. 20). He also observed the bruises on Ms. Norrington's arm later that day. (Tr. 21).
 {¶ 4} Ms. Burns testified in her own defense and denied she assaulted Ms. Norrington. She said she went to Ms. Norrington's apartment because she was angry about receiving an eviction notice. She admitted being loud but denied threatening or harming Ms. Norrington in any way.
 {¶ 5} In reviewing a weight of evidence assignment this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, resolves conflicts in the evidence, and determines whether the trier of fact clearly lost its way and created a manifest miscarriage of justice that the defendant's conviction must be reversed and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, at 387.
 {¶ 6} We have reviewed the record, weighed the evidence, considered the credibility of the witnesses and determined that the trial judge did not lose her way in arriving at her verdict. The trial judge was after all in the best position to assess the credibility of the witnesses. The complainant and Mr. Ridenour's testimony was internally consistent. There was physical evidence to corroborate the victim's testimony as well. The judgment of the trial court was therefore not against the manifest weight of the evidence. The assignment of error is thus overruled.
 {¶ 7} The judgment of the trial court is Affirmed.
BROGAN, J., GRADY, J., and YOUNG, J., concur.